IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS A. ESQUER,

    Plaintiff,

    v.                                                           No. CIV 15-0675 KG/CEG

STATE OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed under 28 U.S.C. § 1915 ("IFP"). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, Plaintiff's complaint will be dismissed with leave to amend.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that, after 115 days of pretrial detention, his state criminal case was dismissed with prejudice. He contends that these events deprived him of unspecified civil rights. The caption of the complaint names the State of New Mexico as the sole Defendant. Nowhere in the complaint does Plaintiff identify individual(s) who committed the alleged deprivation. The complaint seeks damages.

No relief is available on Plaintiff's claim against named Defendant State of New Mexico. As the Court of Appeals for the Tenth Circuit has stated in similar circumstances, "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). Plaintiff will be allowed to file an amended complaint with adequate factual allegations identifying the individual Defendants who committed the alleged deprivation of his civil rights. Failure to comply with this Order may result in dismissal of the action.

IT IS THEREFORE ORDERED that for leave to proceed under 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why

payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's complaint against Defendant is DISMISSED with leave to amend; within twenty-one (21) days from entry of this Order Plaintiff may file an amended complaint containing adequate factual allegations identifying individuals who committed the alleged deprivation of his civil rights; and the Clerk is directed to send a form § 1983 complaint to Plaintiff.

_____
UNITED STATES DISTRICT JUDGE