IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS A. ESQUER,

    Plaintiff,

v.                                                      No. CV 15-00675 KG-CG

STATE OF NEW MEXICO, and
KARI BRANDENBURG, DISTRICT ATTORNEY,
And GORDON EDEN, CHIEF A.P.D.,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Markos A. Esquer's Amended Civil Rights Complaint (Doc. 5) ("Amended Complaint"). Esquer appears pro se and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Esquer's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

1

By previous Memorandum Opinion and Order entered August 6, 2015, the Court dismissed Esquer's claims against the State of New Mexico on the grounds that 42 U.S.C. § 1983 creates no remedy against the State.  The Court also granted Esquer leave to file an amended complaint with adequate factual allegations identifying the individual Defendants who committed the alleged deprivation of his civil rights.  The Court also notified Esquer that failure to comply with that Order could result in dismissal of the action. (Doc. 4).

Esquer filed the Amended Complaint (Doc. 5) on August 24, 2015.  In the Amended Complaint, Esquer again names the State of New Mexico and also identifies Kari Brandenburg, District Attorney, and Gordon Eden, Chief A.P.D., as Defendants.  The Amended Complaint fails to state any claim for relief against any of the named Defendants and, therefore, will be dismissed.

The Amended Complaint, again, fails to allege a claim for relief against the State of New Mexico for the reasons stated in the Court's prior Memorandum Opinion and Order (Doc. 4).  Therefore, any claims against the State of New Mexico will be dismissed with prejudice.

The claims against District Attorney Kari Brandenburg also fail to state a claim for relief on two grounds, either of which, alone, support dismissal.  First, although the Amended Complaint names District Attorney Brandenburg as a Defendant, it contains no factual allegations of any conduct on the part of Brandenburg.  Therefore, even liberally construed, the Amended Complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

Second, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991).  Prosecutors absolutely are immune from damages for their advocacy

and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  The Amended Complaint names District Attorney Brandenburg in her capacity as prosecutor and contains no factual allegations of any conduct outside her prosecutorial function.  Therefore, the claims against Brandenburg also are barred based on prosecutorial immunity.

Last, Esquer names Gordon Eden in his capacity as Chief of Police for the Albuquerque Police Department.  Again, the Amended Complaint is devoid of any factual allegations of individual conduct on the part of Chief Eden.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Amended Complaint fails to state any plausible claim for relief against Chief Eden.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

The Court having granted Esquer a prior opportunity to amend his complaint to state a claim for relief, and Esquer having failed to comply with the Court's Order, finds that allowing further opportunity to amend would be futile.  Therefore, the Court will dismiss the action with prejudice.  *Hall v. Bellmon*, 935 F.2d at 1109.

IT IS ORDERED that, pursuant to rule 1-012(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2), Plaintiff Markos A. Esquer's Amended Complaint (Doc. 5) and all claims and causes of action are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted and the Court will enter final judgment.

_____
UNITED STATES DISTRICT JUDGE